*623 OPINION.
Aktjndell:
In the deficiency notice the amount involved was added to income by respondent, with the simple explanation “Returned royalties.” The petitioner contends that the transaction amounted to a contribution of capital, or a gift, to a corporation by its sole stockholder, and the amount involved, therefore, is not taxable income.
The transaction in question was one between the Autan Transfer Corporation and the AutoStrop Safety Razor Co., this petitioner’s predecessor, and it took place about six months prior to the organization of this petitioner. We are unable to determine from the evidence whether the petitioner and its predecessor are one or different taxable entities. The respondent treated them as one, and, though statements were made at the hearing by counsel for petitioner indicating the possibility that they hold a different view, no evidence was presented on the matter and the point is entirely forsaken in petitioner’s brief. The point is not important, however, for we are of the opinion that no taxable income was involved in the transaction.
The Autan Transfer Corporation was the sole owner of all of the outstanding capital stock of the AutoStrop Safety Razor Co., and the purpose of the former’s cancellation of the latter’s indebtedness is clearly stated in the instrument by which the cancellation was effected to be to assist the latter in its operation and in its business generally, and to improve its financial condition. The transaction, it seems to us, falls squarely within the provisions of article 49 of Regulations 69, which was first adopted in substantially the same form under the Revenue Act of 1918 and has been adopted under all subsequent revenue acts, and which reads as follows:
Art. 49. Forgiveness of Indebtedness. — Tlie cancellation and forgiveness of indebtedness may amount to a payment of income, to a gift, or to a capital transaction, dependent upon the circumstances. If, for example, an individual performs services for a creditor, who in consideration thereof cancels the debt, income to that amount is realized by the debtor as compensation for his services. If, however, a creditor merely desires to benefit a debtor and without any consideration therefor cancels the debt, the amount of the debt is a gift from the creditor to the debtor and need not be included in the latter’s gross income. If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation.
That the action of the Autan Transfer Corporation was entirely gratuitous on its part is evident from the absence, in the agreement, of any consideration moving to it from the benefited corporation. It sought by canceling the indebtedness to remove any hindrance to *624 operations and marketing of products by the debtor corporation. The accomplishment of that purpose would naturally redound to the Autan Transfer Corporation’s benefit, since it was the sole owner of the debtor corporation; and the benefit so to be derived was evidently consideration enough for its action. No compensation for services, nor income from a transaction entered into for profit, nor gain derived from capital, or from labor, or from both, was involved in the transaction, and, therefore, the amount involved is not within the definition of income as defined in Eisner v. Macomber, 252 U.S. 189. The transaction constituted a contribution by the Autan Transfer Corporation to the capital of the AutoStrop Safety Razor Co. Cf. United States v. Oregon-Washington R.R. & Nav. Co., 251 Fed. 211; A. M. Lawrence, 13 B.T.A. 463; and Smith Insurance Service, Inc., 9 B.T.A. 284. The respondent erred in adding the amount of the canceled indebtedness to income.

Decision will be entered under Bule 50.